**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04732-NYW

ROQUE CESAR CONTRERAS-GARAY,

Petitioner,

v.

JUAN BALTAZAR,
MARKWAYNE MULLIN, and
DAVID VENTURELLA,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Respondents filed a consolidated Response to the Petition on October 8, 2026, stating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 8]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED.**

**BACKGROUND**

Petitioner Roque Cesar Contreras Garay ("Petitioner" or "Mr. Contreras Garay") is a citizen of Peru who last entered the United States on or about March 2019 with an H2A visa; that visa expired in October 2019. [Doc. 1 at ¶ 1]. On September 2, 2026, Mr. Contreras Garay was arrested by ICE and detained at the ICE Detention Center in Aurora, Colorado. [*Id.* at ¶ 6]. According to Petitioner, he "never was notified with the reasons of [his] detention," "never was provided with a Warrant of . . . Arrest," and "to . . . date ICE did not notify [him] with any kind of papers related to [his] arrest." [*Id.* at ¶ 8; *see also id.*

at 12 (the only document that Petitioner received after being detained was a "Detainee Personal Property Inventory Form Receipt")]. Mr. Conteras Garay also alleges that the day of his arrest by ICE, ICE "made [him] sign some papers in English" which he did not understand "and never gave [him] copies of them." [*Id.* at ¶ 8]. He asserts one claim for relief, that his "warrantless detention violates *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209 (D. Colo. 2025), the Immigration and Nationality Act (INA), and the INA's implementing Regulations." [*Id.* at 5]. As relief, Mr. Contreras Garay requests an order requiring Respondents to immediately release him from their custody. [*Id.* at 10].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

There is no dispute that Petitioner is held pursuant to 8 U.S.C. § 1226(a). *See* [Doc. 1 at ¶ 11; Doc. 8 at 1 (Respondents conceding that they "are not submitting a brief in opposition to the Petition" and therefore not disputing Petitioner's assertion that § 1226(a) governs his detention)]; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *accord, e.g.*, *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). It follows, then, that "[i]f the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Jennings*, 583 U.S. at 302 ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-Estrada*

*v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

This is consistent with Department of Homeland Security regulations permitting immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear ("NTA"). *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026).

Without a warrant, the Government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216–17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).[1] Once an officer makes a warrantless arrest, the Government generally

---

[1] In the context of pretrial detention under the Bail Reform Act, the Tenth Circuit has observed that a defendant cannot be detained based on a risk of flight due solely to their status as a removable non-citizen. *See United States v. Sanchez-Rivas*, 752 F. App'x

must make a custody determination within 48 hours and decide "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

The record before this Court demonstrates that the Government did not comply with these requirements when arresting and detaining Petitioner. The Petition alleges that Mr. Contreras Garay "was arrested without a warrant" and "to [] date ICE did not notify [him] [of] any kind of papers related to [his arrest]." [Doc. 1 at ¶ 8]. Respondents do not address this issue at all in their Response. *See* [Doc. 8]. And though the Petition references that ICE "made [Petitioner] signed some papers in English" which he did not understand, *see* [Doc. 1 at ¶ 8], Respondents do not make any argument as to whether those papers were an arrest warrant. Respondents also do not provide the Court with any arrest warrant and do not provide any argument or set forth any evidence indicating that Petitioner's arrest without a warrant was proper under § 1357(a). They have therefore waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

Accordingly, the Court finds that Respondents did not comply with the requirements of 8 U.S.C. §§ 1226(a) and 1357(a) when arresting and detaining Petitioner. The Petition is therefore respectfully **GRANTED**. The Court will order Petitioner released, because "[r]elease is an appropriate habeas remedy where a petitioner's current

601, 604 (10th Cir. 2018) (citing *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017)). This is equally applicable in this context, because otherwise, the two requirements of 8 U.S.C. § 1357(a)(2) would collapse into one.

detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M.*, 2026 WL 25627, at *3); *see also* [Doc. 8 at 1–2 (Respondents conceding that if the Court grants the Petition, "the appropriate relief would be an Order directing that Respondent[s], within seven days of this Court's Order, release Petitioner from detention")].

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED**;

(2) Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody;

(3) On or before **October 23, 2026**, Respondents **SHALL FILE** a status report confirming that Petitioner was released; and

(4) The Clerk of Court is **DIRECTED** to send a copy of this Order to the Petitioner at his address of his record.

DATED: October 16, 2026

BY THE COURT:



Nina Y. Wang
United States District Judge